8130

STATE v. BARBER.

1. BREACH OF TRUST.—There is evidence in this case from which it may be reasonably inferred that defendant was guilty of breach of trust in not applying one hundred dollars put in his possession to pay a commuted fine to that purpose.

2. REHEARING *refused.*

Before WILSON, J., Spartanburg, January term, 1911. Affirmed.

Indictment against Charles H. Barber for breach of trust. Defendant appeals.

*Messrs. J. B. Gwynn* and *Jno. Gary Evans,* for appellant.

*Solicitor J. C. Otts,* contra.

The opinion in this case was filed February 23, 1912, but remittitur held up on petition for rehearing until

March 11, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Charles H. Barber, appeals from the conviction and sentence on an indictment charging that he "did wilfully commit a breach of trust, in that he received from one Sallie Harrison the sum of one hundred dollars, good and lawful money of the United States of America, the denominations, issue, and coinage thereof being to the grand jurors aforesaid unknown, for and upon the special trust that he would pay said one hundred dollars in settlement and satisfaction of a commuted fine, which had been imposed by the Court of Sessions upon one Richard Harrison, and wilfully and fraudulently refused to pay said fine, when commuted to the sum of one hundred dollars, by the Governor, in the wilful and fraudulent breach of his said trust, and fraudulently misappropriated said one hundred dollars, a trust fund, to his own use."

There are several exceptions, but the single point pressed in argument was that the Circuit Judge should have directed a verdict of acquittal on the ground that no evi-

dence was introduced tending to prove the charge made in the indictment. Stated more specifically, the position taken by defendant's counsel was that the entire evidence was to the effect that the sum of one hundred dollars was paid to defendant to indemnify him as surety on the bail bond of Richard Harrison pending his appeal from the conviction of some criminal offense in the Court of General Sessions for Spartanburg county, and not to pay the fine imposed on Harrison, and that the bail bond has been estreated and defendant's liability fixed by the estreat. The deposit with the defendant of one hundred dollars by Mrs. Sallie Harrison came about in this way: After Harrison's conviction and sentence his counsel, C. P. Sims, Esq., obtained from the solicitor a promise to request the Governor to commute his sentence to a fine of one hundred dollars or service on the chain gang for three months. To prevent the execution of the sentence imposed by the Court, pending the application to the Governor for commutation, counsel for Harrison gave notice of appeal and induced the defendant to go on his bail bond. After testifying that he explained to the defendant the expected reduction of the fine to one hundred dollars, Mr. Sims thus states his arrangement with the defendant: "The agreement was that it was to be cut down to one hundred dollars, and with that understanding I turned one hundred dollars over to Mr. Barber and gave him some chattel mortgages or some kind of papers to secure him for going on this bond for this three hundred dollars."

We think it was a fair inference from this and other similar evidence, looked at in the light of the circumstances, that in view of the expected commutation the one hundred dollar deposit would be a sufficient protection for signing the bond, and that when the commutation was made the defendant would pay it and satisfy the sentence and his obligation as surety. Such an inference finds strong

support in the admissions of the defendant that after the sentence of Harrison was commuted he repeatedly promised to apply the money to the payment of the fine. The testimony of the defendant tended to show further that the solicitor made most earnest efforts to get him to pay the one hundred dollars deposited with him in settlement of the whole matter,—the bail bond as well as the fine,— telling him that he would estreat the bond unless the fine was paid; and still further that the bail bond was estreated against the defendant only after his long persistence in retaining the money with which he had been entrusted had indicated that he had fraudulently converted it to his own use. It thus appears that there was evidence to support the offense charged.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

The petition for a rehearing filed in this case was refused by formal order filed March 11, 1912.

MR. JUSTICE WATTS *did not sit on this case.*